IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : 

v. : CRIMINAL NO. 17-121-01

KHALIF HUNTER :

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION UNDER 28 U.S.C. § 2255

Defendant Khalif Hunter presented a motion under 28 U.S.C. § 2255 challenging his conviction under 18 U.S.C. § 924(c). The legal issue governing his claim will soon be resolved by the Third Circuit, and the government suggests that this Court await that disposition before proceeding.

On September 21, 2016, Hunter participated in a conspiracy with Kenneth Settles II, Abdullah McLaughlin, and Darian Broady to attempt to rob people they thought possessed drugs and money. Two days earlier, a man named Erwins Feliciano-Echeverria was arrested by DEA based on an indictment from Puerto Rico. He resided in Apartment 209 at 3421 Richmond Street in Philadelphia. Hunter's girlfriend lived in the apartment next door.

The conspirators concluded that Feliciano-Echeverria's son and others would attempt to recover drugs and money from Apartment 209. Thus, shortly after midnight on September 21, Settles, McLaughlin, and Broady accosted that son and a companion outside the apartment building. They struck them, then

forced them at gunpoint into Apartment 209. Hunter had abetted the attempted robbery by providing surveillance from his girlfriend's apartment, keeping Settles advised by phone of the targets' movements, and at one point tossing a key to Settles to let him enter the complex. All of these movements were recorded on video, and all of the communications between Settles and Hunter were recorded on a wiretap on Settles' phone that had begun during a different investigation.

Once inside Apartment 209, Settles, McLaughlin, and Broady used cable wire to tie up the victims while they searched the apartment. They did not find a stash, but took the son's wallet, which contained approximately $100 in cash, a credit card, a debit card, and his Pennsylvania and Puerto Rico driver's licenses. During the robbery, Hunter called Settles to warn that a neighbor was going to call the police, which prompted the defendants to leave the victims and go to the apartment where Hunter was (Apartment 208). Eventually, the victims freed themselves from the cable wire, exited the apartment, and met with members of the Philadelphia Police Department who responded to the scene.

Video showed defendants entering a burgundy GMC van after the robbery. On September 29, 2016, Philadelphia police officers found defendant Hunter and codefendant Broady inside of that van.

The superseding indictment in this case charged conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), in Count One; attempted Hobbs Act robbery, also in violation of § 1951(a), in Count Two; and in Count

Three, use and carrying of a firearm during and in relation to both the conspiracy and attempt offenses, in violation of 18 U.S.C. § 924(c).

On January 14, 2019, Hunter pled guilty to the three charges. He faced a guideline range of 184 to 209 months, but the parties reached an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) providing for a sentence of 84 months, which was the mandatory minimum for the 924(c) offense, plus one day. On April 29, 2019, the Court imposed that sentence. Hunter is currently serving the sentence at FCI Schuylkill, with an anticipated release date of October 29, 2023.

On June 25, 2020, Hunter filed this motion under Section 2255 (docket no. 216). His argument is that conspiracy to commit Hobbs Act robbery no longer qualifies as a "crime of violence" under Section 924(c), such that the 924(c) conviction is invalid.

This argument is based on the Supreme Court's decision last year in *United States v. Davis*, 139 S. Ct. 2319 (2019). Section 924(c) applies to a person who uses or carries a firearm during and in relation to a "crime of violence" or a "drug trafficking offense." Here, the 924(c) charge was premised on Hobbs Act robbery as a "crime of violence."

The statute defines a "crime of violence" as "an offense that is a felony" and—

    (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court recently invalidated subsection (B), the so-called "residual clause," as unconstitutionally vague, meaning that a predicate crime of violence may now qualify only under subsection (A), the "elements clause."

Application of the elements clause requires a categorical approach, in which the actual facts of the crime do not matter, and the statute does not qualify if it may be violated in any instance without the use, attempted use, or threatened use of physical force. *See, e.g., United States v. Dahl,* 833 F.3d 345, 350 (3d Cir. 2016). Many defendants now contend that Hobbs Act robbery does not meet this categorical test, suggesting that it may be committed without the use of force where, for example, the offender targets intangible property, or property not in the possession of the victim.

This issue has been fully briefed to the Third Circuit, and decisions are expected imminently. The matters include *United States v. Copes*, No. 19-1494 (Hobbs Act robbery as 924(c) predicate), and *United States v. Walker*, No. 15-4062 (924(c) charge based on attempt to commit Hobbs Act robbery). In those appeals, the government has rebutted the arguments made by defendants, in contending that Hobbs Act robbery is categorically a crime of violence under the

924(c) elements clause. To date, ten Circuit Courts of Appeals have agreed with the government's view, without dissent.[1]

Hunter asserts that the 924(c) charge in this case was predicated on a charge of conspiracy to commit robbery. He correctly states that, following *Davis*, a conspiracy offense, which may not necessarily involve actual force, does not categorically qualify as a 924(c) predicate crime of violence. *See, e.g.*, *United States v. Barrett*, 937 F.3d 126, 129 (2d Cir. 2019); *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019) (en banc) (the government concedes the point and the court agrees); *United States v. Lewis*, 907 F.3d 891, 894-95 (5th Cir. 2018); *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019) (per curiam).

But in this case, the 924(c) charge in Count Three charged that the predicate crime of violence was *both* conspiracy to commit Hobbs Act robbery (charged in Count One) and the substantive charge of attempted Hobbs Act robbery (charged in Count Two). Hunter, for his part, pled guilty to all of these charges. In this circumstance, the Third Circuit held, it is irrelevant that the

---

[1] *United States v. Garcia-Ortiz*, 904 F.3d 102 (1st Cir. 2018); *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018); *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *United States v. Ingram*, 947 F.3d 1021, 1025-26 (7th Cir. 2020) (attempted Hobbs Act robbery); *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Dominguez*, 954 F.3d 1251, 1258-62 (9th Cir. 2020) (both Hobbs Act robbery and attempted Hobbs Act robbery are 924(c) crimes of violence); *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018); *In re St. Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016); *United States v. St. Hubert*, 909 F.3d 335, 351-53 (11th Cir. 2018) (attempted Hobbs Act robbery).

924(c) count referred to a conspiracy charge, as the 924(c) charge was squarely grounded on a substantive charge as well of which the defendant was convicted. *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) (armed bank robbery is a crime of violence under § 924(c), and it is irrelevant that the court instructed that either conspiracy or the substantive offense could be the predicate, as the jury convicted on both).

Thus, the essential question in this case is whether attempted Hobbs Act robbery is a "crime of violence" under the 924(c) elements clause. That is the precise issue before the Third Circuit in *Walker*, which has been fully briefed and is scheduled for argument on October 5, 2020.

The status of Hobbs Act robbery as a 924(c) predicate affects a great number of past and present prosecutions under Section 924(c), and thus there are many other appeals and habeas matters being held in abeyance in this Circuit pending the resolution of *Copes* and *Walker*. The government respectfully recommends that this Court as well await the Third Circuit's resolution of the issue before proceeding further in this case.[2]

---

[2] Should the Third Circuit agree with the defense position, the government will then seek leave to further address the disposition of this case and any needed adjustment of the sentence imposed on the defendant. There are strong grounds for leaving the current total sentence unchanged even if the 924(c) conviction is vacated, but that need not be addressed at this time.

Respectfully yours,

WILLIAM M. McSWAIN
United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

# CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served by first-class mail, postage prepaid, upon:

>Mr. Khalif Hunter
>No. 75913-066
>FCI Petersburg Medium
>P.O. Box 1000
>Petersburg, VA  23804

>*/s Robert A. Zauzmer*
>ROBERT A. ZAUZMER
>Assistant United States Attorney

Dated:  August 6, 2020.