**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **KHALIF HUNTER** | : | **No. 17-cr-121-4** |

**MEMORANDUM**

PRATTER, J.                                                                                                    MARCH 9, 2021

Khalif Hunter asks the Court to vacate his sentence under 28 U.S.C. § 2255. At the time

he filed his petition, the legal issue arguably dispositive to resolving his petition was on appeal

before the Third Circuit Court of Appeals. The Government requested that the Court await the

appellate court's ruling. Since then, the Third Circuit has held that an attempt to commit a crime

of violence categorically qualifies as a crime of violence under 18 U.S.C. § 924(c). *United States

v. Walker*, No. 15-4062, 2021 WL 833994 (3d Cir. Mar. 5, 2021). For the reasons that follow, the

Court denies Mr. Hunter's petition, by which he challenged his sentence under § 924(c), and will

not issue a certificate of appealability.

**BACKGROUND**

Mr. Hunter was charged in a three-count superseding indictment with conspiracy to

commit robbery which interferes with interstate commerce (Hobbs Act robbery), in violation of

18 U.S.C. § 1951(a), attempted Hobbs Act robbery, also in violation of 18 U.S.C. § 1951(a), and

using and carrying a firearm during and in relation to the conspiracy and attempted Hobbs Act

robbery, in violation of 18 U.S.C. § 924(c). The charges arose out of a planned attempt with three

others in September 2016 to rob a neighboring apartment where they thought they would find

drugs and money.

Mr. Hunter provided surveillance services for his three co-conspirators from a nearby apartment. He updated them as to their victims' movements and allowed one of the co-conspirators entry into the apartment complex. His co-conspirators accosted their two victims at gunpoint outside the apartment. They pistol-whipped one before forcing both victims into the apartment. This outdoors activity was captured on surveillance video. Once inside the apartment, the conspirators used cable wire to tie up their victims before searching the apartment. They did not find any stash of drugs or money. They did, however, steal one of the victim's wallets containing some cash, credit and debit cards, and the owner's driver's licenses.

During the robbery, Mr. Hunter called one of his co-conspirators to alert them that a neighbor was going to call the police. Based on this tip, the co-conspirators fled the apartment. All communications between Mr. Hunter and the co-conspirator were recorded on a wiretap that was already in place for a different investigation.

Mr. Hunter was arrested roughly a week later. He pled guilty to all counts in the indictment. Under the Federal Sentencing Guidelines, Mr. Hunter faced a possible range of 184-to-209 months' imprisonment. He and the Government negotiated a "C" plea and agreed to a total sentence of 84 months and one day. This represented the mandatory minimum of 84 months for the § 924(c) offense. At the sentencing hearing, the Court imposed the sentence reached in the plea agreement to be followed by five years of supervised release and a $300 special assessment.

Mr. Hunter filed this § 2255 petition, challenging the sentence imposed for conspiracy to commit Hobbs Act robbery. Doc. No. 216. He contends that the offense no longer qualifies as a "crime of violence" for purposes of § 924(c) following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The Government requested that this petition be held in abeyance pending the Third Circuit Court of Appeals' resolution of the sole argument Mr. Hunter

raised. The Court stayed Mr. Hunter's petition pending the appellate court's decision. That decision has since been issued. *United States v. Walker*, No. 15-4062, 2021 WL 833994 (3d Cir. Mar. 5, 2021). Accordingly, the Court now considers—and rejects—the merits of Mr. Hunter's petition.

## LEGAL STANDARD

Section 2255 allows a prisoner in custody to attack his sentence if it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). So, a petitioner may only prevail on a § 2255 claim by demonstrating that an error of law was constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428 (1962).

Mr. Hunter filed his § 2255 petition and supporting documentation *pro se*. For practical purposes, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are construed liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).

## DISCUSSION

### I.     Attempted Hobbs Act Robbery is a "Crime of Violence"

Mr. Hunter's sole argument is that his sentence should be reduced as a result of the Supreme Court's decision in *United States v. Davis*. He argues that his conviction and sentence for conspiracy to commit Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(1). So, he contends, he should not have been subject to the 84-month mandatory minimum sentence for a § 924(c) offense.

Section 924(c) applies to a person who uses or carries a firearm during and in relation to a "crime of violence." The statute defines a "crime of violence" as "an offense that is a felony" and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Davis* invalidated subsection (B)—the "residual clause"—of § 924(c) as unconstitutionally vague. 139 S. Ct. at 2336. This leaves only subsection (A), the so-called "elements" clause, as a viable basis for a § 924(c) charge. 18 U.S.C. § 924(c)(3)(A).

As a threshold matter, it is immaterial that Mr. Hunter's petition only challenges his sentence for conspiracy to commit Hobbs Act robbery. Mr. Hunter pled guilty to both conspiracy to commit and attempted Hobbs Act robbery. The Court imposed the 84-month mandatory minimum sentence for the § 924(c) charge based on the predicate crimes of both conspiracy and attempted Hobbs Act robbery. Doc. No. 189; *see United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) (rejecting challenge to jury instruction that conspiracy to commit armed bank robbery offense could serve as predicate for § 924(c) charge where jury convicted on both conspiracy and substantive count).[1] Because the sentence imposed was grounded on the substantive attempt crime, the Court need not resolve whether the conspiracy crime is a proper predicate offense to consider the petition.

Fatal to Mr. Hunter's petition is that the Third Circuit Court of Appeals has squarely rejected his argument. The question presented to the appellate court was the same as Mr. Hunter

---

[1]     The Third Circuit Court of Appeals did not reach the issue of whether conspiracy to commit Hobbs Act robbery is categorically a crime of violence. *Walker*, 2021 WL 833994, at *4 n.10. But it did note that, following *Davis*, several appellate courts have found conspiracy is *not* a predicate crime of violence. The Government appears to have conceded this argument both in *Walker* and in responding to Mr. Hunter's petition. Doc. No. 222 at 5.

raises in his petition: "Does an attempt to commit a crime of violence categorically qualify as a crime of violence itself?" "Given the language of § 924(c) and the clear congressional intent behind it," the court answered "yes." *United States v. Walker*, No. 15-4062, 2021 WL 833994, at *1 (3d Cir. Mar. 5, 2021).[2] So, attempted Hobbs Act robbery can serve as a valid predicate for a § 924(c) charge.

Like Mr. Hunter, the appellant in *Walker* also acted as the lookout while his co-conspirators carried out a robbery at gunpoint. *Id.* And, like Mr. Walker, Mr. Hunter also argued that attempted Hobbs Act robbery cannot categorically be a crime of violence because it "can be committed without physical force" and "can be accomplished by mere 'intimidation.'" Doc. No. 216 at 26[3]; *Walker*, 2021 WL 833994, at *9. The Third Circuit Court of Appeals found that neither the plain language of § 924(c) nor congressional intent support Mr. Walker's—and Mr. Hunter's— proposed interpretation.

The appellate court first held that "attempted" in the context of attempt crimes does not mean the generic 'tried, but failed.' Rather, it is best understood in its "technical sense," which requires an "overt act that constitutes a substantial step toward completing the offense." *Walker*, 2021 WL 833994, at *9 (internal citation omitted). With that understanding, the court read the

---

[2]      To be sure, the circuit courts are presently divided over this question. The majority of the courts to consider the issue, including the Fifth, Seventh, Ninth, Eleventh—and now Third—have held that attempted Hobbs Act robbery is categorically a crime of violence. *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020); *United States v. Ingram*, 947 F.3d 1021, 1025-26 (7th Cir. 2020); *United States v. St. Hubert*, 909 F.3d 335, 351-53 (11th Cir. 2018), *abrogated in part on other grounds by Davis*, —— U.S. ——, 139 S. Ct. 2319 (2019); *United States v. Smith*, 957 F.3d 590, 596 (5th Cir. 2020). But these opinions have generated vigorous dissents. And, the Fourth Circuit has adopted the result urged by the dissents, even if for slightly different reasons. *United States v. Taylor*, 979 F.3d 203, 209-10 (4th Cir. 2020).

     Regardless of the brewing circuit split, opinions from the Third Circuit Court of Appeals are mandatory authority for this Court.

[3]      The Court adopts the pagination supplied by ECF.

words "attempted use" in the elements clause of § 924(c) to cover attempt offenses. *Id.* at *10. The court declined to read those words out of the statute, finding that such an interpretation would run counter to congressional intent in light of the explicit inclusion of "attempted use" in the elements clause. *Id.* Moreover, the court would not engage in self-defeating "casuistry so often associated with the categorical approach," and, in so doing, read out many of the predicate crimes Congress intended to include in the statute. *Id.*

Mr. Hunter's petition presents a straightforward application of the appellate court's holding in *Walker*. He pled guilty to and was sentenced for attempted Hobbs Act robbery. He negotiated and earned the mandatory minimum sentence of 84 months for this offense, and, by the way, a total sentence representing a significant downward departure from the Federal Sentencing Guidelines. Because there is no basis on which to find that the sentence was unconstitutional, imposed without the Court having jurisdiction, or in excess of any maximum amount of time authorized by law, the Court denies his petition.

## II.     Hearing

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to § 2255 unless the motions, files and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). Although the movant must meet only a low threshold to secure an evidentiary hearing, *Booth*, 432 F.3d at 546, the Court will not hold a hearing in this case. Mr. Hunter's petition raised only a legal challenge which was presented to and just recently conclusively rejected by the Third Circuit Court of Appeals. For this reason, he is not entitled to a hearing.

## III.  Certificate of Appealability

When a district court issues a final order denying a § 2255 petition, it must also determine whether a certificate of appealability should issue.  Based upon the motion and files and records of the case, and for the reasons set forth above, the Court finds that Mr. Hunter has not exhibited a substantial denial of a constitutiona right.  A certificate will not issue.

### CONCLUSION

For the reasons discussed above, Mr. Hunter's § 2255 petition will be denied, and a Certificate of Appealability will not issue.  An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE